| | |
|---|---|
| CAIN HAMILTON STRICKLAND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's pro se Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 4].[1]

**I.   BACKGROUND**

The Petitioner was charged with: methamphetamine trafficking conspiracy in violation of 21 U.S.C. § 846 (Count One); possession of a firearm in furtherance of a drug trafficking crime or a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Twenty-Five); possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count

---

[1] Petitioner filed the Amended Petition before he paid the filing fee. [See Doc. 2 (Notice of Deficiency)]. Accordingly, the Amended Petition is now before the Court for review. See Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citations omitted).

Twenty-Six); and additional narcotics offenses (Counts Seventeen and Twenty-One through Twenty-Four). [1:15-cr-00085-MR-WCM ("CR"), Doc. 3: Indictment]. The Petitioner pleaded guilty to Count One in exchange for the Government's dismissal of the remaining counts. [CR Doc. 466: Plea Agreement]. The Factual Basis provides that officers recovered drugs and firearms from Petitioner's vehicle during a traffic stop which, Petitioner admitted during a post-<u>Miranda</u> interview, were his. [CR Doc. 467: Factual Basis at 25-26].

The Presentence Investigation Report ("PSR") included a two-level enhancement pursuant to U.S. Sentencing Guidelines § 2D1.1(b)(1) because "the defendant possessed a dangerous weapon, namely a Setyr, Model M9, 9x19mm semi-automatic pistol and a Century Arms International, Model M70AB2, 7.62x39 mm semi-automatic rifle, and .4 gram of methamphetamine…." [CR Doc. 509: PSR at ¶ 13].

The Court adopted the PSR and sentenced the Petitioner to 128 months' imprisonment.[2] [CR Doc. 576: Judgment]. Petitioner did not appeal. He is presently serving his sentence at the Big Sandy U.S. Penitentiary in Inez, Kentucky.

---

[2] The Court did, however, correct the date upon which the seizure of the drugs and weapons occurred. [<u>See</u> 577: Statement of Reasons].

In 2020, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, Case No. 1:20-cv-00151-MR. He argued *inter alia* that the Court erred by applying the two-level enhancement for possession of a dangerous weapon, and that counsel was ineffective for failing to object, because the parties had agreed to remove that the enhancement from an earlier version of the Plea Agreement. [See CR Doc. 636: Motion to Vacate at 3-5]. He sought to be resentenced without the enhancement. [Id.]. On August 10, 2020, the Court dismissed the Motion to Vacate with prejudice as time-barred. Strickland v. United States, 2020 WL 4584246 (W.D.N.C. Aug. 10, 2020).

Petitioner initiated the instant § 2241 action in this Court on May 28, 2022.[3] [See Doc. 1-3]. He argues that: (1) the Court erred by applying the two-point firearm enhancement because it pertains to firearm counts that were dismissed; and (2) the federal Bureau of Prisons ("BOP") erroneously refused to grant him a 12-month sentence reduction for completing a Residential Drug Abuse Program ("RDAP") based on the dismissed firearms counts. [Doc. 4]. He asks the Court to remove the two-level enhancement, and to award him the RDAP sentence reduction. [Id. at 8].

---

[3] This date reflects the postmark date because the Petitioner failed to indicate the date upon which he placed the Petition in the prison mail system.

3

## II. STANDARD OF REVIEW

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc); see In re Wright, 826 F.3d 774, 777 (4th Cir. 2016) (a federal prisoner challenges the execution of his sentence when he contests the BOP's "administrative rules, decisions, and procedures applied to his sentence"). However, defendants convicted in federal court are obligated to seek relief from their convictions and sentences through § 2255. See In re Vial, 115 F.3d at 1194; Rice v. Rivera, 617 F.3d 802, 805 (4th Cir. 2010).

After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). No response from the Government is required.

## III. DISCUSSION

Although the Petitioner purports to bring this action pursuant to § 2241, his first claim challenges the sentence, and therefore, it is in the nature of a § 2255 claim. In re Vial, 115 F.3d at 1194.

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider a successive application. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to the so-called "savings clause," a petition attacking a federally-imposed sentence may be filed under 28 U.S.C. § 2241 instead of § 2255 where the petitioner establishes that the remedy provided under §

2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is deemed inadequate or ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Section 2255 is not considered "inadequate or ineffective" merely because an individual is unable to obtain relief under that provision. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). A petitioner bears the burden of presenting evidence that affirmatively shows that the § 2255 remedy is inadequate or ineffective. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

The Petitioner previously filed a § 2255 Motion to Vacate that was dismissed with prejudice as time-barred. See Rudisill v. United States, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). The Petitioner does not claim to

6

Case 1:22-cv-00112-MR   Document 6   Filed 07/14/22   Page 6 of 9

have obtained leave from the Fourth Circuit to file a second or successive petition under § 2255(h).  Nor has he demonstrated that he qualifies to bring this action under the savings clause.  See, e.g., In re Vial, 115 F.3d at 1194 n.5 ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because … an individual is procedurally barred from filing a § 2255 motion").  Accordingly, Petitioner's first claim is in the nature of an unauthorized second or successive § 2255 claim, over which the Court lacks jurisdiction, and that claim, therefore, is dismissed.

The Plaintiff's second claim, that BOP has erroneously determined that he is ineligible for an RDAP sentence reduction, appears to be the type of sentence execution claim that is cognizable under § 2241.  See In re Wright, 826 F.3d at 777.  However, Petitioner's challenge to the execution of his sentence must be directed to his present custodian, and should be brought in the district where the Petitioner is confined.  See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426 (2004) (the proper respondent to a habeas petition is the person having custody over the petitioner; challenges to an inmate's present physical confinement must be brought in the district of confinement); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself.  Judicial review must be sought

7

Case 1:22-cv-00112-MR   Document 6   Filed 07/14/22   Page 7 of 9

under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."); United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014) ("A prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ... in the district of his confinement following exhaustion of available administrative remedies."). Therefore, the Petitioner's second claim is dismissed without prejudice to assert it against his present custodian in the appropriate district court.[4]

## IV. CONCLUSION

For the reasons stated herein, this § 2241 action is dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Amended Petition for Writ of Habeas Corpus Under § 2241 [Doc. 4] is construed in part as an unauthorized second or successive § 2255 Motion to Vacate, and in part as a misdirected § 2241 Petition, and it is **DISMISSED WITHOUT PREJUDICE**.

---

[4] The Court expresses no opinion about the potential merit or procedural viability of such an action.

8

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to mail the Petitioner a blank § 2241 form and a copy of this Order, and to terminate this action.

**IT IS SO ORDERED.**

Signed: July 14, 2022

Martin Reidinger
Chief United States District Judge